IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAWN R. HOLIN, | ) | CASE NO. 1:12CV02856 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| ATTORNEY GENERAL OF OHIO,[1] | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

Petitioner Dawn R. Holin ("Petitioner" or "Holin"), filed a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254 on November 16, 2012.  Docs. 1 and 2.  Holin challenges

the constitutionality of her conviction and sentence in *State v. Holin*, Case No. 06-CR-402 (Lake

County 2006).  This matter has been referred to the undersigned Magistrate Judge for a Report

and Recommendation pursuant to Local Rule 72.2.  Respondent has filed a motion to dismiss

Holin's habeas petition as time-barred.  Doc. 7.  As explained below, Holin's petition is barred

by the one-year statute of limitations in 28 U.S.C. § 2244(d).  Accordingly, Respondent's motion

to dismiss should be **GRANTED** and Holin's petition should be **DISMISSED** with prejudice.

## I.  Procedural Background

### A.    State Conviction

The April 2006 term of the Lake County Grand Jury issued an indictment charging Holin

with the following counts: two counts of engaging in a pattern of corrupt activity, felonies of the

---

[1] Pursuant to Habeas Rule 2(b), a petitioner who may be subject to future custody under a state court judgment now being contested in a federal habeas petition must name as respondents both the officer who has current custody of the petitioner and the attorney general of the state where the state court judgment being contested was entered.   In this case, Holin failed to name the warden of the Danbury Federal Correctional Institution, the federal prison where she is currently incarcerated, as a respondent.  However, Holin's failure to name the warden as a respondent does not affect this Court's jurisdiction.  *See, e.g., Montez v. McKinna*, 208 F.3d 862, 864 n. 1 (10th Cir. 2000) (the petitioner's failure to name a party as a respondent as required by Habeas Rule 2(b) does not deprive the district court of jurisdiction); *Thunder Basin Coal Co. v. Southwestern Pub. Serv. Co.*, 104 F.3d 1205, 1211 n. 4 (10th Cir. 1997) ("The issue of indispensability under Rule 19(b) is not a jurisdictional question.").

first degree in violation of R.C. 2923.32(A)(1); four counts of conspiracy to commit aggravated

murder, felonies of the first degree in violation of R.C. 2923.01(A)(1); four counts of conspiracy

to commit aggravated arson, felonies of the second degree in violation of R.C. 2923.01(A)(1);

and four counts of conspiracy to commit aggravated arson, felonies of the third degree in

violation of R.C. 2923.01(A)(1).[2]  Doc. 7, Exhibit 1.  Upon arraignment, Holin entered a plea of

not guilty to all of the counts in the indictment.  Doc. 7, Exhibit 2.  After a competency

evaluation, Holin was deemed competent to stand trial.  Doc. 7, Exhibit 9.

On December 4, 2006, Holin executed a written plea of guilty to four counts of

conspiracy to commit aggravated murder (Counts 3-6).  Doc. 7, Exhibit 10.  The parties agreed

that the convictions would merge for sentencing purposes.  Doc. 7, Exhibit 10.  On that same

date, the court issued a judgment entry memorializing the guilty plea for counts 3-6 and entering

a *nolle prosequi* on the remaining charges.  Doc. 7, Exhibit 11.

On December 14, 2006, Holin, pro se, filed a motion to withdraw her guilty plea.  Doc. 7,

Exhibit 12.  Holin stated that she "dismissed Terry Gilbert as [her] counsel" because she felt she

"was misled and lied to."  Doc. 7, Exhibit 12.  On December 22, 2006, Terry Gilbert, still acting

as Holin's counsel, filed a sentencing memorandum on her behalf, arguing that a three-year

sentence was appropriate given the facts and circumstances of the case.  Doc. 7, Exhibit 13.  On

January 4, 2007, the court held a sentencing hearing.  Doc. 7, Exhibit 14.  At the hearing, the

court denied Holin's motion to withdraw her guilty plea, finding that "[s]he appears simply to

have a change of heart" and "[t]he claims in support of her motion to withdraw the guilty plea

---

[2] In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 2878 (2009).  As detailed by the state court of appeals, "the indictments arose out of Holin's involvement in a plot to kill then North Perry Village Mayor Thomas Williams, North Perry Police Chief Denise Mercsak, North Perry Solicitor and Police Prosecutor Joseph M. Gurley, and Painesville Municipal Court Judge Michael A. Cicconetti, using pipe bombs."  Doc. 7, Exhibit 20, at ¶ 2.

are refuted by the record."  Doc. 8, Transcript of 1/4/2007 Hearing, at p. 13.  The court also

denied Holin's request to dismiss her attorney.  Doc. 8, Transcript of 1/4/2007 Hearing, at p. 14.

Thereafter, the court proceeded to sentence Holin to a term of 10 years imprisonment on each of

the four counts of conspiracy to commit aggravated murder, the terms to be served concurrently.[3]

Exhibit 14.

**B.      Direct Appeal**

On February 9, 2007, Holin, through new counsel, timely appealed to the Eleventh

District Court of Appeals.  Doc. 7, Exhibit 17.  In her brief, Holin raised the following three

assignments of error:

> 1.  The trial court erred to the prejudice of the defendant-appellant by denying her
>     pre-sentence motion to withdraw her plea in violation of her due process
>     rights as guaranteed by the Fifth and Fourteenth Amendments to the United
>     States Constitution and Sections 10 and 16, Article I of the Ohio Constitution.
>
> 2.  The trial court erred to the prejudice of the defendant-appellant when it denied
>     her the right to dismiss her attorneys contrary to the Sixth Amendment to the
>     United States Constitution and Section 10, Article I of the Ohio Constitution.
>
> 3.  The trial court erred sentencing the defendant-appellant to the maximum term
>     of imprisonment.

Doc. 7, Exhibit 18.  On June 27, 2007, the State filed a brief in response.  Doc. 7, Exhibit 19.  On

November 23, 2007, the state court of appeals overruled Holin's assignments of error and

affirmed her conviction.  Doc. 7, Exhibits 20-21.

On January 4, 2008, Holin, through counsel, filed a timely notice of appeal in the

Supreme Court of Ohio.  Doc. 7, Exhibit 22.  In her memorandum in support of jurisdiction,

Holin set forth the following propositions of law:

---

[3]  On May 2, 2007, Holin was also convicted in federal court of violating 18 U.S.C. § Section 922(g), felon in
possession of a firearm.  Holin was sentenced to 120 months in prison. The sentence was ordered to run consecutive
to any state sentence imposed.  Doc. 7, Exhibit 15.  However, the sentence was amended to reflect that the federal
sentence would run concurrent with the state sentence.  Doc. 7, Exhibit 16, Case No. 1:06-CR-235-002.

1. A defendant's constitutional rights to due process are violated when the trial court denies her pre-sentence motion to withdraw her plea and her right to have a full, fair and impartial hearing on her motion after leading the mentally-impaired defendant through a series of questions designed to defeat the motion, culminating with the court's assertion that the defendant simply had a "change of heart."

2. A defendant is denied her constitutional right to dismiss her attorney when the trial court summarily denies the request at the sentencing hearing.

Doc. 7, Exhibit 23.  The State filed its memorandum in opposition to jurisdiction on January 31, 2008.  Doc.7, Exhibit 24.  On April 23, 2008, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Doc. 7, Exhibit 25.

Holin did not file a petition for writ of certiorari in the United States Supreme Court.

## C.     Petition to Vacate or Set Aside Judgment/Sentence

More than 3 years later, on November 17, 2011, Holin, pro se, filed a petition to vacate or set aside judgment of conviction or sentence in the Lake County Court of Common Pleas.  Doc. 7, Exhibit 26.  In her petition, Holin raised the following claims:

1. Ineffective assistance of counsel during plea negotiations.

2. Petitioner was rendered ineffective assistance of counsel during plea negotiations, when failing to advise petitioner of the elements of the offense.

3. Ineffective assistance of counsel at sentencing.

Doc. 7, Exhibit 26.  On November 29, 2011, the trial court ordered Holin's petition to be stricken from the record due to a failure to comply with Rule 49 of the Ohio Rules of Criminal Procedure.[4]  Doc. 7, Exhibit 27.

On December 30, 2011, Holin, pro se, filed a notice of appeal in the Eleventh District

---

[4] Ohio Crim. R. 49 provides, in pertinent part, that "[w]ritten notices, requests for discovery, designation of record on appeal, written motions other than those heard ex parte, and similar papers, shall be served upon each of the parties."

Court of Appeals.[5]  Doc. 7, Exhibit 28.  In her brief, Holin raised the following two assignments of error:

1. The appellant was denied her constitutional right to effective assistance of counsel on appeal in violation of the Sixth Amendment to the U.S. Constitution.

2. The appellant was denied her constitutional right to effective assistance of counsel during plea negotiations in violation of the Sixth Amendment to the U.S. Constitution.

Doc. 7, Exhibit 34.  The State filed a brief on May 23, 2012.  Doc. 7, Exhibit 35.  On July 1, 2012, Holin filed a reply brief.  Doc. 7, Exhibit 40.  On September 24, 2012, the state court of appeals issued an opinion and judgment entry affirming the judgment of the trial court.  Doc. 7, Exhibit 41.

Holin did not appeal this determination to the Ohio Supreme Court.

**D.    Federal Habeas Corpus**

Holin's habeas petition was docketed by the Clerk of Court on November 16, 2012. Docs. 1 and 2.  However, Holin's petition reflects that she signed the petition and placed it in the prison mailing system on November 19, 2012.  Docs. 1 and 2, at p. 34.  It is unclear if the Clerk of Court erred in docketing the petition or if Holin erred in dating her petition.  In order to avoid prejudice to Holin, the Court assumes that she filed her habeas petition on the earlier date, November 16, 2012, for purposes of the motion to dismiss.

In her petition, Holin asserts the following three grounds for relief:

**GROUND ONE:** Petitioner denied her constitutional right to the effective assistance of counsel on appeal.

---

[5]  On February 23, 2012, the state court of appeals struck Holin's brief from the record because it did not comply with the Ohio Rules of Appellate Procedure and the Local Rules.  Doc. 7, Exhibit 30.  Holin was given 15 days to file a corrected brief but failed to do so.  As a result, on April 9, 2012, the appeal was dismissed for lack of prosecution.  Doc. 7, Exhibit 31.  On April 12, 2012, Holin filed a motion to reinstate the appeal (Doc. 7, Exhibit 32), which was granted on May 8, 2012.  Doc. 7, Exhibit 33.

**Supporting Facts:**  The appellant was denied her constitutional right to effective assistance of counsel during plea negotiations.

**GROUND TWO:** Ineffective assistance of counsel on appeal.

**Supporting Facts:** The appellant was denied her constitutional right to effective assistance of counsel on appeal when counsel abandoned this appellant following affirmation of her conviction.

**GROUND THREE:** Petitioner was denied due process of law in violation of the Fourteenth Amendment.

**Supporting Facts:** The state court constantly refused to give this petitioner a copy of the judgment until it was too late to file timely papers in order to appeal. The state court also was untruthful when it claimed this petitioner did not properly certify the petition. The petitioner did send the Respondent a copy of the state petition.

**GROUND FOUR:** Reserved.

Doc. 2.  On April 29, 2013, Respondent filed his Motion to Dismiss Habeas Petition as Time-Barred.  Doc. 7.  On July 15, 2013, Holin filed a Reply and Formal Objection to Respondent's Motion to Dismiss.[6]  Doc. 11.

## II. Law & Analysis

### A.    AEDPA Statute of Limitations

Respondent contends that Holin's petition for writ of habeas corpus is barred from review by the one-year statute of limitations governing federal habeas petitions set forth in 28 U.S.C. § 2244(d).  The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

---

[6] On July 24, 2013, Holin filed a document captioned "Petition to Present Supplemental Authority In Support of Appellant Claim Pursuant to Rule 28(j)."  Doc. 12.  In this document, Holin submits her own sworn statement, in which she attempts to explain how she is actually innocent of the charges to which she pled guilty.  This document will be considered below in the analysis of Respondent's motion to dismiss.

It should also be noted that on January 23, 2013, and February 19, 2013, respectively, Holin filed petitions to present supplemental authority.  Docs. 4 and 5.  These filings both pre-date Respondent's motion to dismiss and have no relevance to the motion before the Court.

(d)(1)   A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of —

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## B.    Holin's Petition is Barred by the One-Year Statute of Limitations

### 1.    Holin's Petition is Untimely

The one-year statute of limitations began to run when Holin's conviction became "final," as set forth in § 2244(d)(1)(A).[7]  Holin was sentenced on January 4, 2007.  Doc. 7, Exhibit 14. She timely appealed her conviction and sentence to the state court of appeals, which affirmed the conviction and sentence on November 23, 2007.  Doc. 7, Exhibits 20-21.  Holin then appealed to the Ohio Supreme Court, which dismissed her appeal as not involving any substantial constitutional question on April 23, 2008.  Doc. 7, Exhibit 25.  Holin did not appeal to the United States Supreme Court.  Thus, her conviction became final on July 22, 2008, when the 90-day

---

[7]  Holin does not argue that any other provision in § 2244(d)(1) controls the start of the statute of limitations. Further, upon review of the record, § 2244(d)(1)(D) is inapplicable because all of the constitutional violations alleged by Holin were discoverable in the exercise of due diligence before the conclusion of direct review or expiration of time for seeking such review.  Further, § 2244(d)(1)(B) and § 2244(d)(1)(C) do not apply here because Holin has neither alleged that a state-created impediment prevented her from filing a federal habeas petition nor asserted a constitutional right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

time limit expired for her to file a petition for writ of certiorari with the United States Supreme Court.  The AEDPA statute of limitations began running on July 23, 2008, and, absent any tolling, expired one year later on July 23, 2009.  As more fully explained below, Holin's habeas petition, which was filed on November 16, 2012, is untimely.

        **2.**        **Statutory Tolling is Inapplicable in this Case**

During the one-year limitations period, a petitioner is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review.  *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* ___ U.S.___, 130 S.Ct. 2549, 2554, 177 L.Ed.2d 130 (2010); *Allen v. Siebert,* 552 U.S. 3, 4, 128 S.Ct. 2, 169 L.Ed.2d 329 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003).  "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run."  *Id*.  Once the habeas limitations period has expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.  *Id.*

In this case, Holin did not file her motion for state post-conviction relief until November 17, 2011, which was more than two years and three months after the statute of limitations for filing a habeas petition had expired.  Because the habeas statute of limitations had already expired on July 23, 2009, Holin's motion for state post-conviction relief did not toll the limitations period.  In addition, as explained above, Holin's motion did not revive or restart the limitations period.  *Vroman,* 346 F.3d at 602; *see also Keeling v. Warden*, No. 09-4284, 2012 WL 447492 (6th Cir. Feb. 23, 2012); *Goodballet v. Mack*, 266 F.Supp.2d 702, 707 (N.D. Ohio 2003) (citing *Thompson v. Chandler*, 36 F. App'x 783, 785 (6th Cir. 2002)).  Once the statute of limitations had run, it could not be restarted or re-triggered by any subsequent state court

proceedings initiated by Holin.  *See Ramos v. Wilson,* No. 1:06-CV-901, 2008 U.S. Dist. LEXIS 48005, at * 11, 2008 WL 2556725, (N.D. Ohio June 23, 2008) ("A post-deadline motion to file a delayed appeal under Ohio R. App. 5(A) has no effect on the '1-year period' of § 2244(d)(1)(A).  Once the '1-year period' has run, it cannot be restarted or re-triggered by subsequent state court proceedings.").  Statutory tolling therefore is inapplicable to this case.

### 3.     Holin is Not Entitled to Equitable Tolling of the Statute of Limitations

The AEDPA's statute of limitations is also subject to equitable tolling in an appropriate case.  *Hall v. Warden, Lebanon Corr. Inst*., 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland,* 130 S.Ct. at 2560).  Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'"  *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir.), *cert. denied*, ___U.S.___, 132 S.Ct. 456, 181 L.Ed.2d 297 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).  A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."  *Id*. (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)).  Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling."  *Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011).[8]

Holin has failed even to argue, much less demonstrate, that she is entitled to equitable tolling in this case.  She has not shown that she has been diligent in pursuing her rights.  As

---

[8]  Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland's* two-part test has replaced the five-factor inquiry as the "governing framework" to apply.  *Hall*, 662 F.3d at 750 (citing *Robinson*, 424 F. App'x at 442 n. 1.)  "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit."  *Id*.; *see also Patterson v. Lafler*, 455 Fed. App'x. 606, 609 n. 1 (6th Cir. 2012).

discussed above, the Ohio Supreme Court dismissed Holin's appeal on April 23, 2008, and she took no further action to challenge her conviction and sentence for approximately three and a half years, when she filed her motion for state post-conviction relief on November 17, 2011.  Her delay in filing the motion for state post-conviction relief demonstrates a lack of diligence in pursuing her rights.  Holin has therefore failed to show the degree of diligence necessary to trigger equitable tolling.  Furthermore, Holin has not shown, and there is no evidence in the record to establish, that she was prevented by some extraordinary circumstance from seeking relief in a more timely manner.  To the extent that Holin argues that her counsel abandoned her after the conclusion of her direct appeal and that this prevented her from timely pursuing her rights, the fact that she did not have counsel after the conclusion of her appeal to the Ohio Supreme Court is not a sufficient excuse for her failure timely to pursue her rights.  *See Hall*, 662 F.3d at 751-52 (finding the petitioner's pro se status was insufficient to warrant the equitable tolling of the statute of limitations).  Accordingly, Holin is not entitled to equitable tolling of the statute of limitations.

### 4.    Holin is Not Entitled to Equitable Tolling Based on Actual Innocence

Holin also states that she is entitled to equitable tolling of the statute of limitations because she is actually innocent of the four offenses to which she pled guilty.  Doc. 11, p. 6.  However, she does not further develop this argument or set forth any evidence whatsoever to support her claim of actual innocence.  It is not the Court's function to speculate as to the basis of a conclusory and undeveloped claim.  *See, e.g., McPherson v. Kelsey,* 125 F.3d 989, 995–996 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.")

(citations omitted).

Moreover, Holin has failed to satisfy the standard for equitable tolling based on a claim of actual innocence.  "[A] petitioner may also be eligible for equitable tolling if he demonstrates actual innocence so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice."  *Patterson v. Lafler*, 455 Fed. App'x. 606, 609 (6th Cir. 2012). "A valid claim of actual innocence requires '*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)) (emphasis supplied). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  The Supreme Court recently underscored the fact that, "the miscarriage of justice exception . . . applies to a *severely confined category*: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1933 (2013) (quoting *Schlup*, 513 U.S. at 329) (emphasis supplied).

Holin points to no new reliable evidence to support her bald assertion that she is actually innocent of the offenses to which she pled guilty.  Instead, on July 24, 2013, Holin filed a document captioned "Petition to Present Supplemental Authority in Support of Appellant Claim Pursuant to Rule 28(j)," to which she attached her own sworn statement.  It appears that she filed this document to support her claim of actual innocence and, therefore, it will be considered as part of her opposition to Respondent's motion to dismiss even though it was filed without leave of Court.  In this statement, Holin alleges that she was pressured into pleading guilty by the trial court and by her own counsel and that her attorney misrepresented several items to her before her guilty plea.  Doc. 12, Exhibit 1, pp. 3-4.  Aside from the self-serving nature of this statement, all

of the alleged wrongdoings of Holin's counsel and the trial court were known to Holin at the time she entered her guilty pleas.  In fact, she raised similar arguments in her motion to withdraw her guilty plea and at the sentencing hearing.  *See* Doc. 7, Exhibit 12 (Motion to Withdraw Guilty Plea – Holin argued that she was misled and lied to by her counsel about the case); Doc. 8, Transcript of 1/4/2007 Hearing, at pp. 5-14 (Holin argued to trial court at sentencing hearing that she should be permitted to withdraw her guilty plea because of a disagreement with her counsel and because she felt pressured into pleading guilty).  Holin's statement simply is not new reliable evidence that establishes her actual innocence of the offenses to which she pled guilty.  Because Holin has failed to proffer any new evidence of her actual innocence, her attempt to overcome the statute of limitations through a claim of actual innocence fails.  *Patterson*, 455 Fed. App'x. at 609 (quoting *Schlup*, 513 U.S. at 324) (indicating that a claim of actual innocence must be supported by "new reliable evidence."); *see also Carter v. MacLaren*, 2012 WL 1611255, *7 (W.D. Mich. May 8, 2012) (finding equitable tolling was not warranted where the petitioner did not submit "new reliable evidence obtained after his trial showing that he is factually innocent").  And, "[w]ithout a credible claim of actual innocence," the dismissal of Holin's federal habeas petition "on the ground that it is time-barred by the statute of limitations does not result in a miscarriage of justice."  *Brown v. Bauman*, 2012 WL 1229397, *6 (W.D. Mich. Apr. 12, 2012) (internal citations omitted).  Accordingly, Holin is not entitled to equitable tolling of the statute of limitations based on her claim of actual innocence.

### III. Conclusion and Recommendation

The one-year statute of limitations commenced running on July 23, 2008, one day after Holin's conviction became "final" by the expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court, and expired on July 23, 2009.  Statutory

12

tolling is inapplicable and equitable tolling principles do not apply to toll the limitations period in this case.  Therefore, the habeas corpus petition, which was filed on November 16, 2012, nearly three years and three months after the one-year limitations period expired, is untimely. The undersigned Magistrate Judge therefore concludes that Petitioner Dawn R. Holin's petition for writ of habeas corpus is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Accordingly, Respondent's motion to dismiss (Doc. 7) should be **GRANTED** and Holin's petition for writ of habeas corpus should be **DISMISSED** with prejudice.

Dated: August 16, 2013

Kathleen B. Burke
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).