IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dawn R. Holin,      Case No. 1:12CV2856

    Petitioner

    v.    **ORDER**

Michael DeWine, Attorney General of
the State of Ohio, and Julie A. Nicklin, Warden,
Waseca Federal Correctional Institution[1],

    Respondents

    This is a habeas corpus case under 28 U.S.C. § 2254.

    Petitioner Dawn Holin attacks her Ohio conviction for conspiracy to commit aggravated murder on grounds that trial and appellate counsel were ineffective and the state courts violated her due process rights.

    Before me is the Magistrate Judge's Report and Recommendation (R&R), which suggests I dismiss the petition as untimely. (Doc. 13). Petitioner has filed an objection. (Doc. 23).

    For the following reasons, I overrule petitioner's objections, adopt the R&R, and dismiss the petition with prejudice.

---

[1] Because petitioner is currently incarcerated at FCI Waseca and subject to future custody in the State of Ohio (Doc. 7 at 2), both Warden Nicklin and Attorney General DeWine are proper respondents. *See* Habeas Rule 2(b).

**Background**

**A. State Court Proceedings**

In December, 2006, petitioner pled guilty in the Common Pleas Court of Lake County, Ohio, to four counts of conspiracy to commit aggravated murder. The court sentenced petitioner to ten years' imprisonment.

Petitioner appealed to Ohio's Eleventh District Court of Appeals, but that court rejected her claims and affirmed her conviction. The Ohio Supreme Court denied petitioner's request for leave to appeal on April 23, 2008. Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.

Postconviction proceedings did not begin until more than three years later, when, in November, 2011, petitioner filed a petition to vacate in the state trial court.

However, the trial court struck that pleading because petitioner did not comply with Ohio R. Crim. P. 49, which required her to serve a copy of the petition on the government. The Eleventh District Court of Appeals affirmed that ruling on September, 24, 2012. Petitioner did not seek review of that ruling in the Ohio Supreme Court.

**B. Federal Habeas Proceedings**

Petitioner filed her habeas petition on November 16, 2012. On initial review, the Magistrate Judge determined that the petition was untimely.

First, the Magistrate Judge concluded petitioner's conviction became final under 28 U.S.C. § 2244(d)(1)(A) on July 22, 2008 – ninety days after the Ohio Supreme Court denied petitioner's request for discretionary review. The Magistrate Judge then noted that, absent tolling, petitioner had until July 22, 2009, in which to file her federal petition.

2

Second, the Magistrate Judge determined petitioner was not entitled to statutory tolling under § 2244(d)(2) because she did not file a postconviction petition until November, 2011, nearly two-and-a-half years after the federal limitations period expired.

Finally, the Magistrate Judge ruled that petitioner was not entitled to equitable tolling, and that her claim of actual innocence was insufficient to excuse her untimely filing.

After reviewing the R&R in September, 2013, I concurred with the Magistrate Judge's findings, adopted the R&R, and dismissed the petition. (Docs. 14, 15). Petitioner then filed a notice of appeal.

While her appeal was pending in the Sixth Circuit, petitioner filed a "Motion to Reconsider Report and Recommendation," alleging she never received a copy of the R&R.

Given the pendency of the appeal, I took no action on the motion. But after the Sixth Circuit dismissed the appeal for want of prosecution, I treated the motion (on respondent's suggestion) as one arising under Fed. R. Civ. 60(b) and granted it, allowing petitioner additional time to object to the R&R.

**Discussion**

Because petitioner has filed an objection, I conduct a de novo review of those parts of the R&R to which she has objected. 28 U.S.C. § 636(b)(1).

Before turning to her objections, I note that petitioner does not object to three of the Magistrate Judge's key findings: 1) petitioner's conviction became final on July 22, 2008; 2) absent tolling, petitioner needed to file her federal habeas petition by July 22, 2009; and 3) petitioner did not file her petition to vacate until November, 2011, which deprived it of any tolling effect under § 2244(d)(2).

Because petitioner has not objected to those findings, and because the Magistrate Judge correctly applied the governing law to the facts at hand in making them, I adopt them as my own.

Petitioner's first objection is that Magistrate Judge should have held "an evidentiary hearing on the issue of Counsel's ineffectiveness[.]" (Doc. 23 at 2). In a related vein, petitioner also complains that the Magistrate Judge should have addressed her claims on the merits.

This objection lacks merit. "[A] petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit." *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001).

Here, the record clearly indicates the petition is untimely, and the Magistrate Judge did not err in recommending dismissal on that basis and declining to address petitioner's claims on the merits.

Petitioner next contends the Magistrate Judge should have equitably tolled the limitations period. In support, petitioner argues that her lawyer on direct appeal promised to file a certiorari petition, but failed to do so.

I decline to consider this argument now, given petitioner's failure to raise it before the Magistrate Judge. "[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. U.S.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Even assuming I were to consider this argument, and even accepting petitioner's allegation as true, it would not make the petition timely. At most, certiorari proceedings would have extended the pendency of petitioner's direct appeal by a few months. However, petitioner's § 2254 petition is untimely by nearly two-and-a-half years.

4

Moreover, counsel's failure to file a certiorari petition would not excuse petitioner's decision to wait nearly three-and-a-half years after the Ohio Supreme Court disposed of her direct appeal to start postconviction proceedings. *Pace v. DiGuglielmo*, 544 U.S. 408, 418-419 (2005) (prisoners seeking equitable tolling must act with diligence).

Petitioner's third objection is that the Magistrate Judge erred in "finding that statutory tolling is inapplicable." (Doc. 23 at 3). Because petitioner presents no argument in support of the objection, I overrule it.

Petitioner also objects to the Magistrate Judge's rejection of her actual-innocence claim. According to petitioner, she has "stated wholeheartedly from the beginning of her criminal proceeding that she was actually innocent[.]" (*Id.* at 5).

Equitable tolling based on actual innocence is available only if a petitioner presents new, reliable evidence of factual innocence that was not presented at trial. *Perkins v. McQuiggen*, 133 S. Ct. 1924, 1933 (2013). But here, the Magistrate Judge found petitioner failed to present any such evidence, and nothing in petitioner's objection undermines that conclusion.

Next, petitioner objects to the Magistrate Judge's determination that she did not pursue her rights diligently, as required to obtain equitable tolling. (Doc. 23 at 7-8). She contends that she delayed filing her state postconviction petition until November, 2011, only because of her direct-appeal counsel's failure to fulfill his promise to file a certiorari petition.

This objection lacks merit for two reasons.

First, the objection is not properly before me because petitioner did not raise this argument before the Magistrate Judge. *Murr*, *supra*, 200 F.3d at 902 n.1.

5

Second, petitioner has not explained how counsel's failure to file a certiorari petition on direct appeal prevented her from filing her habeas petition until nearly three-and-a-half years later (and thus two-and-a-half years late).

Moreover, even assuming that petitioner was relying on counsel to file a certiorari petition, petitioner still had a duty to monitor the progress of her case; she could not wait indefinitely to learn the outcome of certiorari proceedings. *Winkfield v. Bagley*, 66 F. App'x 578, 584 (6th Cir. 2003).

In sum, petitioner has not shown that she pursued her rights with reasonable diligence.

Petitioner's sixth objection is that the Magistrate Judge failed to give due weight to what petitioner describes as her "borderline retardation." (Doc. 23 at 8).

To be sure, a prisoner's mental condition may warrant equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741-742 (6th Cir. 2011). But tolling is appropriate only if the petitioner's mental condition "caused his failure to comply with AEDPA's statute of limitations." *Id.* at 742.

Here, petitioner provides no factual support for her assertion that her retardation affected her ability to make a timely filing. Moreover, the record establishes that: 1) the state trial court found her competent to stand trial; 2) petitioner was able to file a petition to vacate in the state trial court; and 3) petitioner prosecuted an appeal from that decision.

Because there is no basis in the record for finding that petitioner's borderline retardation caused the untimely filing, I overrule the objection.

Finally, petitioner objects that respondents waived the statute-of-limitations defense by not raising it during state postconviction proceedings.

This objection lacks merits. The limitations period in § 2244(d) provides a defense to a federal habeas petition, not to postconviction petitions available under Ohio law. Accordingly, any failure to raise the time-bar in state court does not preclude respondents from relying on it now.

## Conclusion

For the reasons set forth above, it is ORDERED THAT:

1. Petitioner's objections to the R&R (Doc. 23) be, and the same hereby are overruled, and the R&R (Doc. 13) is adopted as the order of this court; and

2. Petitioner's habeas corpus petition (Doc. 1) be, and the same hereby is dismissed with prejudice.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge